TASHIMA, Circuit Judge,
concurring:
I concur in the majority disposition. I write separately, however, to express my concern about the harsh sentence imposed on Lamere. Although I agree with the majority that our precedent requires us to conclude that Lamere’s mandatory thirty-year sentence does not constitute cruel and unusual punishment under the Eighth Amendment, nevertheless, a thirty-year sentence in these circumstances is troubling.
Apart from Lamere’s confession, the evidence against him was very weak.[1] Lamere has no prior convictions for abuse of a child, and was in Criminal History Category I. While I certainly share the majority’s concern about “the grave harm resulting from sexual crimes relating to children,” Memo, at 672, I believe that a thirty-year sentence on this record is yet another sad example of “the cruel and unjust mandatory minimum sentencing scheme adopted by Congress.” United States v. Hungerford, 465 F.3d 1113, 1118 (9th Cir.2006) (Reinhardt, J., concurring in the judgment), cert. denied, 550 U.S. 938, 127 S.Ct. 2249, 167 L.Ed.2d 1097 (2007); see also United States v. Looney, 532 F.3d 392, 397 (5th Cir.) (“In sum, *674 although we consider Ms. Looney’s sentence to be unduly harsh for someone who has no previous conviction of any sort, ‘[i]t is for Congress to ameliorate the result of application of [statutory mandatory minimum sentences] if it deems it too harsh.’ ”) (quoting United States v. Casiano, 113 F.3d 420, 426 (3d Cir.1997)) (alterations in original), cert. denied, — U.S. -, 129 S.Ct. 513, 172 L.Ed.2d 376 (2008).
I join my colleagues in “urg[ing] Congress to reconsider its harsh scheme of mandatory minimum sentences without the possibility for parole.” United States v. Harris, 154 F.3d 1082, 1085 (9th Cir.1998).

. I do not agree with the majority that "there was strong independent evidence of Lamere’s guilt....” Memo, at 671.