# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

Lyle W. Cayce
Clerk

No. 08-41134

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

RENE ZAVALA; JOSE ZAVALA

Defendants–Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CR-27-4

Before WIENER, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Simon Balderas, Jr. was convicted of three counts of possessing a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendants–Appellants Rene Zavala and Jose Zavala, two of Balderas's co-conspirators, were convicted of the same three substantive counts under the *Pinkerton* doctrine that holds co-conspirators liable for the foreseeable acts of other members of the conspiracy. The Zavalas' lengthy sentences, which are based on several drug trafficking violations, include an additional 55-year

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41134

mandatory minimum term of confinement for the three § 924(c) counts.  This appeal requires us to determine whether the Zavalas' 55-year prison terms, based solely on *Pinkerton* liability for a co-conspirator's foreseeable conduct, violate the Eighth Amendment.  We hold that they do not.

## I

Rene Zavala and his brother, Jose, were among nineteen co-conspirators charged for their roles in a drug trafficking ring spanning Texas, Louisiana, and Florida.  In 2006, a jury convicted the Zavalas and Simon Balderas, Jr. of, among other things, conspiracy to distribute methamphetamine, fourteen counts of possession with intent to distribute methamphetamine, and three counts (Counts 9, 11, and 13) of possessing a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Section 924(c) mandates a five-year minimum sentence for a first offense and a 25-year minimum sentence for a second or subsequent offense, to run consecutively to each other and to any other sentence.  § 924(c)(1)(A)(i), (C)(i), (D)(ii).  The "second or subsequent" convictions can occur in the same proceeding.  *See Deal v. United States*, 508 U.S. 129, 134–36 (1993).  Thus, the Zavalas' convictions on the three § 924(c) counts required a 55-year mandatory minimum term of confinement, to run consecutively to the sentences imposed for their other drug trafficking convictions.

In July 2008, this court set aside the Zavalas' convictions on three unrelated counts and remanded their cases for resentencing. *See United States v. Zavala*, 286 F. App'x 170 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 611 and 619 (2008).  Before doing so, the court considered the sufficiency of the evidence on Counts 9, 11, and 13, and found that Balderas's possession of a firearm in furtherance of the drug trafficking conspiracy was reasonably foreseeable to Rene and Jose.  *Zavala*, 286 F. App'x at 174–75.  The court affirmed the Zavalas' three § 924(c) convictions based on *Pinkerton v. United States*, 328 U.S. 640

2

No. 08-41134

(1946), accordingly. *Id.* Because the court remanded for resentencing, it did not address the Zavalas' Eighth Amendment challenges to their lengthy prison sentences, which were based largely on *Pinkerton* liability for Balderas's conduct as a co-conspirator. *Id.* at 178.

On remand, the district court resentenced Rene to 895 months' imprisonment, among other measures. Counts 9, 11, and 13 account for 660 months, or 55 years, of this total sentence. The court resentenced Jose to 922 months in prison, with 660 months (55 years) likewise being attributable to the three § 924(c) convictions.[2]

The Zavalas timely appealed and now argue that: (i) the evidence was insufficient to support a finding of foreseeability as to Balderas's conduct; and (ii) their 55-year sentences, based on *Pinkerton* liability for Balderas's *unforeseeable* conduct, violate the Eighth Amendment.

## II

In this second appeal, we are bound by the law of the case doctrine and may not reconsider issues previously adjudicated unless one of the exceptions to the doctrine applies. *See United States v. Hollis*, 506 F.3d 415, 421 (5th Cir. 2007). This court reviews de novo an Eighth Amendment challenge to a sentence. *See Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003). Questions of statutory interpretation are also reviewed de novo. *See United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010).

## A

Rene Zavala argues that the consecutive sentences on Counts 9, 11, and 13, mandating 55 years in prison, violate the Eighth Amendment because there was no finding that Balderas's possession of a firearm during his drug dealings was foreseeable to Rene. Jose Zavala similarly argues that his 55 year sentence

---

[2] Jose Zavala had also been convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His longer sentence is due to this additional conviction.

No. 08-41134

for the three § 924(c) counts is cruel and unusual because it is based on conduct that was neither foreseeable or attributable to him personally, but rather is based on his criminal association with Balderas.

To the extent that the Zavalas argue that the evidence was insufficient to support their § 924(c) convictions, and specifically, that Balderas's conduct was not reasonably foreseeable to them, review of that issue is foreclosed by the law of the case doctrine.  Under this doctrine, "an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (internal quotation marks and citation omitted).  The proscription covers issues that this court has decided expressly or by necessary implication, "reflecting the sound policy that when an issue is once litigated and decided, that should be the end of the matter."  *Id.* (internal quotation marks and citation omitted).[3]

On direct appeal from the original judgment, the Zavalas challenged their convictions on Counts 9, 11, and 13, arguing that the evidence was insufficient to show that Balderas's possession of a firearm during and in furtherance of the drug trafficking conspiracy was foreseeable to them.  *See generally Zavala*, 286 F. App'x at 175 ("Jose and Rene insist that they cannot be held accountable for Balderas's possession of the firearm because such possession was not reasonably foreseeable.").   The court's July 2008 decision rejected that argument, recognizing that "[w]e have consistently held that, under *Pinkerton*, it is

---

[3] There are three exceptions to the law of the case doctrine that permit an appellate court to depart from a ruling made in a prior appeal in the same case. *See Lee*, 358 F.3d at 320 n.3.  These include cases where: (1) the evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice. *Id.* (citing *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).  Our review of the record convinces us that the court's July 2008 foreseeability determination was not clearly erroneous. Thus, none of these exceptions apply.  The Zavalas have not argued, in the district court on remand or here, that their case falls within an exception to the law of the case doctrine.

foreseeable that a drug defendant's co-conspirator will carry a firearm during a drug transaction when a substantial quantity of drugs is involved." *Id.* (citing *United States v. Dean*, 59 F.3d 1479, 1490 n.20 (5th Cir. 1994)). Given the large quantities of methamphetamine involved here, the court found that it was "foreseeable that Balderas would conduct the sale of drugs with a firearm." *Id.* Thus, the court found sufficient evidence to support the jury's guilty findings on Counts 9, 11, and 13, and affirmed Rene and Jose's convictions accordingly. *Id.*

The court's July 2008 finding that Balderas's conduct was foreseeable to Rene and Jose Zavala is the law of the case and binding on this appeal.

**B**

The Zavalas contend that their consecutive sentences for the three § 924(c) convictions—effectively life-sentences—are based on Balderas's *unforeseeable* conduct, and thus, violate the Eighth Amendment's proportionality principle. In light of our previous foreseeability finding, however, we reject this framing of the issue. Rather, the question before us is whether the Zavalas' 55-year sentence enhancements, which are based entirely on *Pinkerton* liability for a co-conspirator's *foreseeable* conduct, pass constitutional muster.

The Eighth Amendment prohibits a sentence that is grossly disproportionate to the crime for which it is imposed. *See United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997). When evaluating an Eighth Amendment proportionality challenge, this court makes a threshold comparison between the gravity of the charged offense and the severity of the sentence. *See McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992). Only if the sentence is grossly disproportionate to the offense do we go on to compare the sentence at issue with (1) sentences imposed for similar crimes in the same jurisdiction, and (2) sentences imposed for the same crime in other jurisdictions. *Id.* at 316. If this court concludes that the sentence is not grossly disproportionate, our inquiry is at an end. *Gonzales*, 121 F.3d at 942. It is "exceedingly rare" for a

non-capital sentence to violate the Eighth Amendment. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

We have previously considered sentences imposed under § 924(c) similar in duration to those presented here and have found that such sentences do not violate the Eighth Amendment. *See United States v. Looney*, 532 F.3d 392, 396–97 (5th Cir. 2008) (finding 30-year sentence enhancement under § 924(c) constitutional); *Gonzales*, 121 F.3d at 942–44 (same). Our sister circuits have found likewise on similar facts. *See, e.g., United States v. Robinson*, 617 F.3d 984, 990–91 (8th Cir. 2010); *United States v. Angelos*, 433 F.3d 738, 750–53 (10th Cir. 2006). We adopt the reasoning employed in these cases and find, as a threshold matter, that the Zavalas' 55-year sentences are not grossly disproportionate to the gravity of their offenses.

The Zavalas argue that their cases are distinguishable because, unlike ordinary § 924(c) convictions and sentences that hold the defendant accountable for his own criminal conduct, here, the Zavalas are being punished for the conduct of another (i.e., Balderas). This distinction is intriguing, as it implicitly asks us to consider the outer bounds of accomplice liability under *Pinkerton* as both Eighth Amendment and due process matters. *See United States v. Castaneda*, 9 F.3d 761, 766 (9th Cir. 1993) ("due process constrains the application of *Pinkerton* where the relationship between the defendant and the substantive offense is slight."). We need not define the outer boundaries of *Pinkerton* liability today, however, given the central roles that Rene and Jose Zavala held in the drug trafficking conspiracy prosecuted. There is no lingering due process question after our finding that Balderas's firearm possession was foreseeable. *See Zavala*, 286 F. App'x at 174–75; *see also Castaneda*, 9 F.3d at 766 ("The foreseeability concept underlying *Pinkerton* is also the main concern underlying a possible due process violation.") (quotation omitted).

6

No. 08-41134

Nor do we find an Eighth Amendment violation. We have observed repeatedly that "firearms are the tools of the trade of those engaged in illegal drug activity." *Dean*, 59 F.3d at 1490 n.20. Congress has addressed this threat in § 924(c), the "basic purpose" of which is "to combat the dangerous combination of drugs and guns." *Muscarello v. United States*, 524 U.S. 125, 132 (1998) (citation and internal quotation marks omitted). The statute's harsh sentencing terms for using or carrying a firearm in connection with drug trafficking activity are entitled to substantial deference, given Congress's "broad authority . . . in determining the types and limits of punishments for crimes." *Solem v. Helm*, 463 U.S. 277, 290 (1983).

In light of the severity of the harm to society posed by criminals who possess guns in furtherance of drug trafficking crimes, *see Angelos*, 433 F.3d at 752, and the foreseeability of just such an offense in the conspiracy at issue here, we do not find this to be the type of "extraordinary" case in which the sentences at issue are grossly disproportionate to the predicate offenses for which they were imposed. *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).

The Zavalas alternatively argue that their 55-year sentence enhancements pose an Eighth Amendment problem because these terms effectively constitute life sentences. We disagree. While there is no question that Rene and Jose Zavala's sentences are lengthy, they are not grossly disproportionate. *See Looney*, 532 F.3d at 396 ("while a life sentence for a crime involving no actual violence might be considered disproportionate punishment, it is not 'grossly disproportionate' as that term is understood under current law"); *see also United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003) ("Lengthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of . . . statutorily mandated consecutive terms."). We find no constitutional error in the Zavalas' sentences.

7

No. 08-41134

## III

The district court's judgments are AFFIRMED.