# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

Lyle W. Cayce
Clerk

No. 11-10421
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID RAY GRAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-359-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Ray Gray pleaded guilty to receipt and attempted receipt of child pornography (count one) and possession of child pornography (count two). The district court departed downward from the advisory sentencing guidelines range of 97 to 121 months of imprisonment and sentenced Gray to concurrent 60-month terms of imprisonment, which was the statutory minimum sentence for the first count of conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gray argues on appeal that his five-year sentence constitutes cruel and unusual punishment because his health is such that he is unlikely to live to complete the sentence. He contends that, in light of his tenuous health, his five-year sentence is effectively a life sentence imposed without the express intent of the legislature. The Government asserts that the claim is frivolous and moves to dismiss the appeal or for summary affirmance. In the alternative, the Government requests an extension of time to file a brief on the merits.

The parties dispute the applicable standard of review. The Government contends that plain error review applies because Gray failed to make an Eighth Amendment argument at sentencing, while Gray asserts that constitutional claims should be reviewed de novo and argues that his statements at sentencing were sufficient to preserve the issue. We need not resolve the issue because Gray's claim fails even if it was preserved in the district court.

The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). As a threshold issue, we compare the gravity of the charged offense and the severity of the sentence. *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2470 (2011); *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). Only if the sentence is grossly disproportionate to the offense do we proceed to compare the challenged sentence with (1) sentences imposed for similar crimes in the same jurisdiction and (2) sentences imposed for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316. If we conclude that the sentence is not grossly disproportionate, our inquiry is finished. *Id.*

Although Gray argues that his sentence is disproportionate as applied in his case, he does not attempt to suggest that his five-year, statutory minimum, sentence is objectively disproportionate to the offense for which he was convicted. *Thomas*, 627 F.3d at 160; *McGruder*, 954 F.2d at 316. The fact that a sentence based on statutory minimum requirements may be "'harsh'" or

No. 11-10421

"'effectively a life sentence'" for an individual defendant does not violate the Eighth Amendment. *United States v. Looney*, 532 F.3d 392, 395-98 (5th Cir. 2008); *see also Thomas*, 627 F.3d at159-60. The decision whether the application of statutory minimum sentences results in prison terms that are too harsh must be left to Congress. *Looney*, 532 F.3d at 397.

Gray's appeal is not frivolous, and although we conclude that the judgment should be affirmed without further briefing, summary affirmance is not appropriate. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). Thus, we affirm the judgment of the district court and deny the Government's motion for dismissal, summary affirmance, or, alternatively, for an extension of time to file a brief.

AFFIRMED; MOTION DENIED.