# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41230

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2013

Plaintiff-Appellee

Lyle W. Cayce
Clerk

v.

EDUARDO CARREON-IBARRA, a.k.a. Negro

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 5:08-CR-244-19

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:*

In 2008, Eduardo Carreon-Ibarra ("Carreon-Ibarra") pled guilty to two counts of a superseding indictment, which charged him with traveling in foreign commerce and using a facility in interstate and foreign commerce with the intent to commit a crime of violence to further the distribution of controlled substances in violation of 18 U.S.C. §§ 1952(a)(2), (a)(3)(B) (count 24), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924 (c)(1)(A)(i), § 924(c)(1)(B)(ii), and §924(c)(1)(C)(i) and (ii) (count 26). The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41230

district court sentenced him to 20 years imprisonment on count 24 and a 40-year consecutive term of imprisonment on count 26.  Carreon-Ibarra appealed on the grounds that his guilty plea to count 26 was not knowing and voluntary. This court agreed and remanded the case to allow Carreon-Ibarra to plead anew as to count 26.  *United States v. Carreon-Ibarra*, 673 F.3d 358, 362-67 (5th Cir. 2012).

On remand, Carreon-Ibarra entered a cold plea to possession of a generic firearm as alleged in count 26.  According to the oral factual basis for the plea, Carreon-Ibarra, a member of the Zetas, the enforcement arm of the Gulf Cartel, a.k.a. "La Compañía," the Mexican drug-trafficking and money-laundering organization, traveled to Laredo, Texas, where he and a juvenile co-conspirator planned to assassinate a member of the Sinaloa Cartel, a.k.a. "Los Chapos," a rival Mexican drug cartel, at a restaurant.  Before the intended murder, officers from the Laredo Police Department arrested Carreon-Ibarra and the co-conspirator in Room 603 of the El Cortez Motel.  The search of Room 603 turned up a .40 caliber Glock under the bed mattress and a 9mm Smith & Wesson in the water tank of the toilet.  The authorities also found a fully automatic AR-15 .223 caliber machine gun with an obliterated serial number and a semi-automatic MAK-90 7.62x39mm rifle under the mattress in Room 602.  Although Carreon-Ibarra had the keys to both rooms in his possession when he was arrested, he denied intentionally possessing the machine gun in Room 602, and the district court did not find that he possessed the machine gun.  Rather, the district court found that Carreon-Ibarra possessed at least one of the pistols seized from Room 603 in furtherance of a crime of violence.

At re-sentencing, the district court acknowledged that the offense to which Carreon-Ibarra had pled guilty carries a five-year consecutive mandatory minimum sentence, but the court imposed a 25-year consecutive term.  Carreon-Ibarra objected through counsel and now appeals solely on

2

No. 12-41230

Eighth Amendment grounds, arguing that his sentence is grossly disproportionate to the offense.

## I.

Because Carreon-Ibarra adequately preserved his Eighth Amendment challenge, the court reviews this constitutional claim *de novo*. *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288-90, 103 S. Ct. 3001, 3008-10 (1983); *United States v. Gonzalez*, 121 F.3d 928, 942 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien*, 560 U.S. 218, 130 S. Ct. 2169 (2010). When evaluating an Eighth Amendment proportionality challenge, the court makes a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). Only if the appellate court infers that the sentence is grossly disproportionate to the offense will it then compare the sentence received against the sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *Id.* at 316. The scope of review for proportionality challenges is narrow, *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010), and the success of such challenges rare. *United States v. Looney*, 532 F.3d 392, 396 (5th Cir. 2008).

The Supreme Court has held that a sentence of imprisonment for life without parole for the defendant's seventh nonviolent felony—the crime of passing a worthless check—violated the Eighth Amendment. *Solem*, 463 U.S. at 284-303. In other cases, the Court has upheld a sentence under state law to life without parole for possession of more than 650 grams of cocaine, *Harmelin v. Michigan*, 501 U.S. 957, 990-96, 111 S. Ct. 2680, 2699-2702 (1991), a sentence of 25 years to life for the theft of a few golf clubs under California's three-strikes law, *Ewing v. California*, 538 U.S. 11, 14-30, 123 S. Ct. 1179,

3

No. 12-41230

1182-99 (2003), and a sentence of life with the possibility of parole for a defendant's third nonviolent felony—the crime of obtaining money by false pretenses, *Rummel v. Estelle*, 445 U.S. 263, 264-85, 100 S. Ct. 1133, 1134-45 (1980). To determine whether a sentence is "grossly disproportionate," this court looks to *Rummel* as a benchmark. *Gonzales*, 121 F.3d at 943.

Here, the gravity of Carreon-Ibarra's offense is substantially greater than were the crimes punished in *Rummel*. Carreon-Ibarra operated on behalf of the infamous Zetas, and planned to execute a member of another Mexican drug cartel in a public forum in the United States using a firearm that posed a serious threat of causing collateral damage to innocent bystanders. The gravity of the convictions for fraud and forgery that formed the basis of Rummel's sentence pale in comparison to the violent nature of count 26. Moreover, the severity of Carreon-Ibarra's punishment is not excessive, as evidenced by a comparison to the *Rummel* benchmark. In *Rummel*, the Court affirmed a life sentence against a non-violent offender pursuant to a recidivist statute that mandated a sentence of life imprisonment for any defendant convicted of three felonies. *Rummel*, 445 U.S. at 285; *see also McGruder*, 954 F.2d at 317 (upholding life sentence without possibility of parole under a habitual offender statute). By contrast, Carreon-Ibarra's statutory sentence imposes a 25-year term for possessing a generic firearm in furtherance of a crime of violence. His total sentence is 45 years imprisonment. As the gravity of the firearm offense is far greater, and the penalty less severe, than was the life sentence upheld against an Eighth Amendment challenge in *Rummel*, our inquiry must conclude. *See Gonzalez*, 121 F.3d at 944; *McGruder*, 954 F.2d at 317.

## II.

For the foregoing reasons, we AFFIRM the sentence on count 26.