# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2015

Lyle W. Cayce
Clerk

No. 14-60451
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARRY WADDLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CR-75-1

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Garry Waddle appeals his conviction following a jury verdict and sentence for attempted enticement of a 15-year-old minor girl to engage in sexual activity.  He raises several arguments.

Waddle first argues that the district court abused its discretion in denying his request to strike prospective jurors 19, 21, 22, and 26 for cause because they indicated that they would tend to believe the testimony of a law

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enforcement officer over that of other individuals.　As Waddle concedes, after these prospective jurors indicated that they would tend to believe law enforcement officers over other witnesses, the district court further questioned them and determined that they could be fair and impartial.　Accordingly, the district court did not abuse its discretion in denying Waddle's request to strike these jurors for cause.　*See United States v. Wharton*, 320 F.3d 526, 535 (5th Cir. 2003).　Moreover, none of these jurors served on the jury that convicted Waddle because they were struck as a result of peremptory challenges. Therefore, any alleged abuse of discretion was not grounds for reversal because Waddle did not show that "the jury which actually sat to decide his guilt or innocence was not impartial."　*Id.* at 535.　Waddle does not argue that the district court deliberately misapplied the law in order to force him to use a peremptory challenge, or that any of the empaneled jurors were actually biased.　*See United States v. Pratt*, 728 F.3d 463, 473 (5th Cir. 2013).

Next, Waddle contends that the evidence was insufficient to support his conviction because it did not establish that he intended to attempt to entice a minor, as he believed he was communicating with an adult.　He also argues that he was entrapped by the Government.　Waddle preserved the issue for appellate review by moving for a judgment of acquittal at the close of the Government's case and filing a written motion for acquittal and a motion for a new trial within 14 days of the jury's verdict as permitted by Federal Rule of Criminal Procedure 29(c)(1).　*See United States v. Cheramie*, 51 F.3d 538, 542 (5th Cir. 1995); *United States v. Thomas*, 12 F.3d 1350, 1358 n.5, 1373 (5th Cir. 1994).

In reviewing such a claim, we must view the evidence and all reasonable inferences in the light most favorable to the verdict and determine whether "'*any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.'" *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).  In this case, after government investigators listed a person named "Amber" on Craigslist, Waddle initiated contact with her.  Even after he was advised twice early in the "conversation" by Amber that she was only 15 years old, Waddle continued to exchange sexually explicit text messages with her throughout the day and suggested that he and Amber meet to engage in sexual activities in a park after she got out of school.  The text messages also contained information indicating that Amber was a minor, including that she was a student in school while they were texting, she had to take a school quiz, she lived with her mother, and she had to wait until her mother left for work to meet Waddle at the park. When Waddle went to the park to meet Amber at 4 p.m. as arranged, he was arrested.

After he received his *Miranda*[1] rights, Waddle gave a statement to investigators, admitting that he had met a girl named Amber on Craigslist, that she told him she was 15 years old, that he talked to her about engaging in sexual activities and oral sex, that he went to meet her in the park to engage in sexual activities, and that he had made a "stupid decision."  A rational trier of fact could have found that Waddle knew that he was exchanging text messages with a 15-year-old girl and that he had attempted to induce her to engage in sexual activities with him.  *See United States v. Broussard*, 669 F.3d 537, 547 (5th Cir. 2012); *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009).

The district court granted Waddle's request for an entrapment jury instruction.  Thus, the issue of whether Waddle was entrapped by the investigators was an issue of fact for the jury to decide.  *See Mathews v. United*

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*States*, 485 U.S. 58, 63 (1988).  The jury rejected the entrapment defense, and the evidence supports the jury's determination.  The government investigators did not specifically target Waddle, and he was the one who initiated contact with Amber.  Waddle, not the investigators, initially began sending sexually explicit text messages to Amber, and Waddle continued to exchange sexually explicit text messages with Amber even after he was told twice that she was 15 years old.  Waddle first suggested that he and Amber meet in person to engage in sexual activities later that afternoon.  When she tried to back out, he made efforts to persuade her to come.  The government investigators merely placed the ad that provided Waddle with an opportunity to commit a crime. *See United States v. Gutierrez,* 343 F.3d 415, 420 (5th Cir. 2003).  The evidence established that Waddle was a ready and willing participant in the offense and, therefore, he had a predisposition to commit the instant offense.  *See United States v. Theagene,* 565 F.3d 911, 919 (5th Cir. 2009); *United States v. Reyes,* 239 F.3d 722, 739 (5th Cir. 2001).  We conclude that the evidence supports the jury's determination that Waddle was not entrapped by the Government.  *See Theagene,* 565 F.3d at 919; *Gutierrez,* 343 F.3d at 420; *Reyes,* 239 F.3d at 739.

Finally, Waddle contends that the statutory mandatory minimum ten-year sentence imposed by the district court constitutes cruel and unusual punishment that violates the Eighth Amendment.  He asserts that the sentence is grossly disproportionate to the offense, given that he has no prior criminal history, there was no actual victim as the minor did not actually exist, and the sentence amounts to a life sentence because he is 66 years old and suffers from severe health problems.

Waddle concedes that he did not raise this issue in the district court and that review is limited to plain error.  *See United States v. Ebron,* 683 F.3d 105, 155 (5th Cir. 2012).  He must show a forfeited clear or obvious error that

affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The 120-month sentence imposed by the district court was not grossly disproportionate to the serious offense of attempting to entice a 15-year-old minor girl to engage in sexual activities. *See United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010). The district court imposed the statutory mandatory minimum sentence for the instant offense. *See* 18 U.S.C. § 2242(b). Such a mandatory minimum sentence "reflects a rational legislative judgment" and is "entitled to deference." *Thomas*, 627 F.3d at 160 (internal quotation marks and citation omitted); *see United States v. Looney*, 532 F.3d 392, 397 (5th Cir. 2008). Therefore, Waddle has not shown that the 120-month statutory mandatory minimum sentence violates the Eighth Amendment. *See Thomas*, 627 F.3d at 160; *Looney*, 532 F.3d at 397.

AFFIRMED.