**Lance Gerald MILLIMAN, Appellant,**

v.

**STATE OF MINNESOTA, et al, Appellee.**

No. 84–5180.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1985.

Decided Sept. 26, 1985.

---

Peter Ivy, St. Paul, Minn., for appellant.

J. Diane Savage, Anoka, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and PHILLIPS,* Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Lance Gerald Milliman appeals from the denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. He was convicted under Minn.Stat. §§ 256.-98, 609.52 subd. 3(2) (1982) in the District Court of Anoka County, Minnesota of theft over $150 by wrongfully obtaining public welfare assistance. He petitioned to the United States District Court[1] for a writ of habeas corpus, challenging his custody on the grounds that improperly issued grand jury subpoenas and overbroad search warrants used to obtain evidence against him violated his rights under the fourth, fifth and fourteenth amendments to the United States Constitution. The district court dismissed the habeas petition without prejudice. We affirm the district court's order.

We set forth the facts as detailed in the district court's opinion. In October 1978 the appellant and his wife applied to the Anoka County Welfare Department for assistance under the Aid to Families with Dependent Children ["AFDC"] program. Milliman represented that he was disabled

---

* The HONORABLE HARRY PHILLIPS, Senior Circuit Judge United States Court of Appeals for the Sixth Circuit, sitting by designation. Judge Phillips participated in the oral argument and at conference agreed with the vote of the court. However, due to his untimely death he did not have an opportunity to review the opinion.

1. The Honorable Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota. Judge Lord took Senior status July 1, 1985.

by a work related back injury and that he was then unemployed. On the basis of these representations, the agency awarded Milliman assistance under the AFDC/Disabled Parent Program. From January to July 1979 Milliman received $2,470 in assistance under this program. In July 1979 Milliman withdrew from the AFDC/Disabled Parent Program.

In June 1980 Milliman's wife requested assistance from the Anoka County Welfare Department under the AFDC program. She represented that Milliman no longer lived with her or provided support for her children. She also represented that she had no support for her children. The agency awarded her assistance under the AFDC/Absent Spouse Program. From June 1980 through October 1981 Milliman's wife received $7,887 in welfare assistance.

On September 18, 1981 Milliman's wife published a notice of incorporation for B.J. Milliman Trucking Co. in the Anoka County Union Newspaper. The notice listed Mrs. Milliman as director of the company, and the company's address as 557 Constance Boulevard, N.W., Andover, Anoka County, Minnesota. The address was the same as the home address of Milliman and his wife.

Investigators from the Anoka County Attorney's Office of Welfare Fraud began an investigation of the Milliman's living arrangements and sources of income. On October 26, 1981 a warrant was issued to search Milliman's wife's residence. The district court determined that the purpose of the warrant was to obtain evidence tending to show that Milliman had lived with his wife during the period for which she sought welfare assistance, that he and his wife had operated a business during this period, and that his wife had defrauded the Anoka County Welfare Department. The search warrant specifically mentioned the following items:

> Writings, including but not limited to books, checkbooks and bank accounts, magazines, automobile title certificates and registration cards, copies of real estate tax receipts, W–2 forms and other tax-related records ... all and any of

which writings tend to show the presence of Lance Gerald Milliman and [his wife]. *Milliam v. State of Minnesota*, Civ. No. 4–84–646, slip op. at 2–3 (D.Minn. Aug. 14, 1984).

Records seized during the search of Mrs. Milliman's residence indicated to the investigators that Milliman was not disabled or unemployed during the period in 1979 for which he accepted AFDC/Disabled Parent Program assistance. Some of the records seized predated June 1980. Thereafter, the state began an investigation of Milliman's 1979 AFDC grant. Three grand jury subpoenas duces tecum were issued during this investigation. The subpoenas were directed to the Anoka First National Bank, the Blaine State Bank, and LLT Perishables Inc. The state, however, never submitted the case to a grand jury. At trial the court issued subpoenas directing production of the same evidence discovered through use of the subpoenas duces tecum. Milliman was convicted in a bench trial and appealed the conviction to the Supreme Court of Minnesota. The supreme court affirmed Milliman's conviction. Milliman then brought this habeas petition in the United States district court which denied relief.

Milliman's appeal to this court raises two challenges. First, Milliman argues that the state's search warrant was unconstitutionally overbroad and impinged on his rights under the fourth and fourteenth amendments to the United States Constitution. Second, Milliman challenges the state's use of grand jury subpoenas duces tecum to gather evidence when it did not intend to submit the case to a grand jury. Appellant argues that this abuse of grand jury process violated his rights under the fifth and fourteenth amendments to the United States Constitution.

**I.**

To satisfy the dictates of the fourth amendment a search warrant must describe with particularity "the place to be searched and the persons or things to be seized." U.S.Const. Amend. IV; *Andresen*

*v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). Milliman argues on appeal that the state's search warrant failed this particularity requirement because it did not limit the search to records dated after June 1980, the period of his wife's alleged criminal ·activity. The thrust of Milliman's argument is that only records dated after June 1980 were relevant to the investigation for which the warrant was issued. Thus, the search warrant was over broad because it covered a longer time span than that related to the investigated offense.

The purpose of the particularity requirement is to prevent a general exploratory rummaging through a person's belongings. *Andresen v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). Of course, whether a warrant fails the particularity requirement cannot be decided in a vacuum. *Vonderahe v. Howland,* 508 F.2d 364, 369 (9th Cir.1974). The court will base its determination on such factors as the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case. *United States v. Lebron,* 729 F.2d 533, 538 (8th Cir.1984); *United States v. Apker,* 705 F.2d 293, 299 (8th Cir.1983).

Consistent with this approach, the Federal District Court considered the purpose for which the state warrant was issued, and the surrounding circumstances of the case, in finding that the search warrant was not overbroad. The court stated:

> The very point of the search warrant was to show that petitioner still lived with his wife. All of the named items in the search warrant were aimed at establishing that petitioner and his wife shared the same residence thereby violating the welfare rules. To that end, the police collected papers and personal effects of petitioner based on the sylogistic assumption that a person ordinarily stores his personal effects where he lives. Es-

tablishing petitioner's presence justified the seizure of these items and it would have been unreasonable to expect the investigators to selectively seize items in order of their chronological dates. *Milliman v. State of Minnesota,* Civil No. 4–84–646, Slip op. at 4 (D.Minn. Aug. 14, 1984).

Milliman adopts an unnecessarily restrictive view of the permissible purpose and scope of the search warrant. Finding the personal records listed in the warrant would reasonably tend to indicate that Milliman resided on the premises searched. They were therefore relevant to the offense under investigation. The fact that some of the records seized during the search predated the offense under investigation is irrelevant. *Andresen v. Maryland,* 427 U.S. 463, 484, 96 S.Ct. 2737, 2750, 49 L.Ed.2d 627 (1976). Finally, the fact that the records seized helped form the evidentiary basis for another charge does not create an overbreadth issue. *Id.* The warrant's validity is determined on the basis of the relevance of the items to which it is directed to the offense under investigation. *Id.* We cannot conclude that the district court erred in denying appellant's fourth amendment overbreadth claim.

## II.

Milliman also challenges the state's use of grand jury subpoenaes duces tecum when it did not intend to seek a grand jury indictment in the case. Essentially, Milliman contends that this practice constituted an abuse of the grand jury process, and that use at trial of the evidence obtained as a fruit of this abuse violated his fifth amendment due process rights.

The district court found that Milliman failed to allege or show that he was prejudiced by the use at trial of evidence procured by the grand jury subpoena. The court further noted that the information contained in the records were clearly available through other means.[2] Thus, even if

2. *See e.g.,* Minn.Stat. § 13A.04 (Supp.1983) (provides government access to bank records requested in connection with lawful proceedings).

there was improper use of the grand jury subpoena, defendant was not thereby injured. *Milliman v. State of Minnesota,* Civil No. 4–84–646, Slip op. at 5 (D.Minn. Aug. 14, 1984). Milliman asserts no argument that convinces us that the district court erred in these rulings.

Finally, Milliman fails to establish that the state's use of the grand jury subpoenas violated any constitutionally protected privacy interest belonging to him. A subpoena directing a third party to produce business records belonging to that third party does not impinge on the privacy interest of a criminal defendant. *United States v. Payner,* 447 U.S. 727, 732, 100 S.Ct. 2439, 2444, 65 L.Ed.2d 468 (1980); *United States v. Miller,* 425 U.S. 435, 444, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976). The district court properly found that the bank and business records to which the subpoenaes were directed belonged to the third party entities. Milliman had no constitutionally protected privacy interest in these records.

We point out, however, that the practice of using grand jury subpoenaes where no grand jury investigation is intended is a procedure fraught with danger. The grand jury properly functions as a neutral body to determine whether there is probable cause to indict. Use of grand jury process as a discovery tool would tarnish this legitimate function. In a case less simple and straightforward than this one, the state assumes a possible risk of reversal or the granting of habeas relief for such misuse of the grand jury process.

The judgment of the district court denying the petition for writ of habeas corpus is affirmed.