**UNITED STATES of America, Appellee,**

v.

**Carlo HIBBARD, Appellant.**

**No. 91–2477.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided May 7, 1992.

Rehearing Denied June 5, 1992.

---

**6.** See footnote 2, *supra,* for the complete text of   the instruction.

Anthony J. Sherman, Little Rock, Ark., for appellant.

Robert J. Govar, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Carlo Hibbard appeals from the denial of his motion to suppress evidence seized from his mobile home pursuant to a search warrant. Hibbard argues that his fourth amendment rights were violated because the search warrant was not supported by probable cause and was overbroad. We affirm the district court's[1] denial of Hibbard's motion to suppress.

On June 9, 1989, Deputy Sheriff Tim Ryals of the Saline County Sheriff's office applied for a warrant to search Hibbard's home near Benton, Arkansas, for "[a]ny Evidence or fruits of any crime that may have occured (sic) concerning the were abouts (sic) or whether foul play is involved in the disappearance of Shelly Ramsey".

Shelly Ramsey had been missing for six days and had last been seen getting into a van with Hibbard. The search warrant application also detailed that Ramsey was pregnant with Hibbard's baby and that about one month before Ramsey's disappearance, Hibbard told Ramsey that "if she didn't come back to him he was going to

get her," and that about six weeks before her disappearance, Hibbard told her that "before he would let her raise the baby, he would kill her and the baby both."

Ryals obtained a search warrant. During the search, Ryals found cocaine and marijuana. After the district court denied Hibbard's motion to suppress, Hibbard entered a conditional plea of guilty to charges of possessing cocaine and marijuana with the intent to deliver in violation of 21 U.S.C. § 841(a)(1) (1988). After the district court denied Hibbard's motion to suppress, Hibbard entered a conditional guilty plea, and this appeal followed.

■ Hibbard first argues that the district court erred in denying his motion to suppress because the search warrant was not supported by probable cause.

The sufficiency of a search warrant is determined on the basis of the information presented to the issuing official. *United States v. Martin*, 866 F.2d 972, 976 (8th Cir.1989). The issuing official must decide whether "in light of all the circumstances set forth in the affidavit, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *United States v. Arenal*, 768 F.2d 263, 266 (8th Cir.1985) (internal citation omitted)). "[T]he duty of a reviewing court is simply to ensure that [the issuing official] had a 'substantial basis for ... concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (citation omitted).

Hibbard argues that nothing in the warrant application indicated a fair probability that contraband or evidence of a crime would be found, or that a crime had been committed. We are satisfied that the issuing judge had a substantial basis for authorizing a search of Hibbard's residence to locate Shelly Ramsey or determine whether foul play was involved in her disappearance. Ramsey had been missing for six days and was last seen with Hibbard. The

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

application also detailed at least two threats Hibbard made to Ramsey. The district court did not err in denying Hibbard's motion to suppress based on lack of probable cause.

■ Hibbard also argues that the district court erred in denying his motion to suppress because the application was overbroad in its description of the things to be seized under the warrant. Hibbard complains that the warrant authorized the Sheriff's Department to conduct a "general exploratory search."

The purpose of the particularity requirement is to prevent a general exploratory rummaging through a person's belongings. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). "We review the specificity of the search warrant under a 'practical accuracy' standard; the degree of specificity may vary according to the circumstances and type of items involved." *United States v. Pillow*, 842 F.2d 1001, 1004 (8th Cir.1988); *United States v. Kail*, 804 F.2d 441, 445 (8th Cir. 1986); *Milliman v. Minnesota*, 774 F.2d 247, 250 (8th Cir.1985). Here, the search warrant limited the search to locating Shelly Ramsey or any evidence relating to her. Considering the circumstances of the case, we conclude that the warrant satisfied the practical accuracy standard. *United States v. Faul*, 748 F.2d 1204, 1219 (8th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 632 (1985). Once Ryals was inside the house, it is undisputed that drugs and drug paraphernalia were on furniture in the house. Accordingly, the seizure of these items was proper under the plain view doctrine. *Coolidge v. New Hampshire*, 403 U.S. 443, 464–69, 91 S.Ct. 2022, 2037–40, 29 L.Ed.2d 564 (1971).

We affirm the judgment of the district court.