# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2012

No. 11-60277

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT WARREN TRIPLETT, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi

Before SMITH, GARZA and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Robert Triplett, Jr. pled guilty under a plea agreement to possession of child pornography. His plea was conditioned on retaining the right to challenge the denial of his motion to suppress on appeal. Triplett claims the search warrant that led officers to the pornography violated the Fourth Amendment's particularity and probable cause requirements. We AFFIRM.

No. 11-60277

FACTUAL AND PROCEDURAL HISTORY

On August 27, 2010, the United States District Court for the Northern District of Mississippi sentenced Triplett to 120 months in prison on a single count of knowing possession of a computer containing images of child pornography that had been shipped in interstate commerce.  18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A).  Before his plea, Triplett filed a motion to suppress. The district court granted that motion in part and denied it in part.  Under the terms of his plea bargain, Triplett retained the right to appeal that denial to this court.  He has timely exercised that right.

The evidence supporting Triplett's conviction resulted from what began as a state missing-person's investigation.  Triplett reported to the Lowndes County Sheriff's Department that his stepdaughter Kaila Morris was missing.  The report was made on September 18, 2009, after his wife Bonnie (who is Kaila Morris's mother) asked him to call.  Morris was a student at Mississippi State University.  The night before the sheriff was contacted, she had been visiting her parents' home in Columbus, Mississippi.  At 3:44 p.m., Morris last used her cellular phone and Triplett reports that she left home at 8 p.m. in a dark colored vehicle he did not recognize.  Supposedly she left to visit a friend in Alabama. Morris has not been heard from since.

Authorities obtained a search warrant from a Lowndes County Justice Court judge on September 23, 2009.  It authorized the seizure at Triplett's house of "[a]ny and all articles of clothing of Kaila Morris, bed sheets, electronic devices, electronic memory devices, cell phones, DNA, hand digging and cutting tools, vehicles, and utility vehicles."  The warrant declared the "public interest to locate Kaila Morris" as its purpose, and incorporated an affidavit setting forth a factual basis titled "Underlying Facts and Circumstances."

In addition to the information already discussed, this factual basis included other important information.  Triplett was thought to have been

2

convicted of rape in Louisiana and to be serving non-adjudicated probation in Mississippi for attempted sexual battery. He reported inappropriately touching Morris.[2] Recently he had washed her bed sheets. Also included were details of a trip by Triplett to property in Pickens County, Alabama. He told the FBI that the day before her disappearance, Morris had asked him "to check some of her property" in Pickens County. Triplett said he traveled there with an ax and shovel, and that for two hours his four-wheel vehicle had been stuck. Because the property in Pickens County was on the route to Morris's friend's home, Triplett suggested that authorities might check there for her.

An additional fact was a statement from Triplett's wife that her husband "had recently changed the hard drive in his computer." The affiant, Lowndes County Sheriff Investigator Ryan Rickert, also orally swore to the Justice Court judge that during the earlier investigation of the attempted sexual battery, a search of Triplett's computer had uncovered pornography that, while lawful to possess, depicted scenes of bondage.

The day after obtaining the warrant, on September 24, Rickert and other law enforcement officers executed it at the Triplett residence in Columbus. Among the items seized from the home were pill bottles, external computer storage drives, three laptops, a desktop computer, a Magellan GPS device, a Sony camcorder, a digital camera, three hard drives, a cellular phone, pieces of mattress, blankets and pillows, two shoes retrieved from vehicles, and axes. A forensic investigator at Triplett's residence copied the hard drive of one of the laptops, a Hewlett-Packard Pavilion DV 9000. During a preliminary examination on scene, several images thought to be child pornography were discovered. The computer search was discontinued at that point.

---

[2] Testimony at the suppression hearing revealed the touching to include two kisses that made Morris uncomfortable, and a history of giving her thigh massages, at times while she was shirtless.

No. 11-60277

On October 2, a Lowndes County detective obtained a second warrant which authorized "the continuation of the search for information of Morris' whereabouts, other illegal images, and any other contraband" on the Pavilion computer. The warrant stated that the Pavilion was believed to "contain images of Child Pornography." A search that day uncovered 403 suspected image files. Based on this evidence, a third warrant was obtained on November 9 authorizing that the cellular phone, the desktop, and two other laptops be fully searched. Approximately 375 additional such images were found. Between the second and third warrants, on October 3, Mississippi authorities arrested Triplett on the state charge of child exploitation, which criminalizes possession of child pornography. *See* Miss. Code Ann. § 97-5-33.

A federal grand jury indicted Triplett on November 5, 2009, on the child pornography offense. On February 2, 2010, Triplett filed a motion challenging the validity of the first warrant, the search and seizure of the Pavilion laptop, and the seizure of the other computers. He moved to suppress all the images recovered as the fruit of an unconstitutional search, on the ground that the first warrant lacked the probable cause and particularity the Fourth Amendment demands. The district court conducted a suppression hearing and heard from six witnesses.

The district court denied suppression as to the images. The only issue in this appeal is whether that determination was correct.[3]

## DISCUSSION

In an appeal from the denial of a motion to suppress, we review fact-finding for clear error and conclusions of law *de novo*. *United States v. Gray*, 669 F.3d 556, 562 (5th Cir. 2012). Whether the facts establish probable cause is a

---

[3] Triplett does not argue that the district court erred in declining to suppress statements he made to his son, nor has the Government appealed the court's decision to suppress audio recordings that state law enforcement surreptitiously obtained during Triplett's detention in Lowndes County on the state offense.

No. 11-60277

legal question. *United States v. Hearn*, 563 F.3d 95, 103 (5th Cir. 2009). When, as here, officers rely on a duly authorized search warrant, we review "the district court's evaluation of officers' objective reasonableness *de novo.*" *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003).

The issuance of a warrant by a non-biased magistrate is the "clearest indication" that officers proceeded "in an objectively reasonable manner, or as [courts] have sometimes put it, in 'objective good faith,'" but the existence of such a warrant "does not end the inquiry into objective reasonableness." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012); *id.* at 1245 n.1. "If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." *United States v. Leon*, 468 U.S. 897, 915 n.13 (1984) (quotation marks and citation omitted).

The good-faith exception requires answering the question of "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n.23. We have held there is no good faith if one of four circumstances exists:

> (1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth; (2) where the issuing magistrate/judge wholly abandoned his or her judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

*Payne*, 341 F.3d at 399-400. Triplett initially challenged the search warrant on the basis that Investigator Rickert had made false statements in his sworn affidavit. The district court agreed there were inaccuracies but found none of those statements were made "with reckless disregard or intentional falsity."

5

No. 11-60277

Such a finding will not be set aside unless clearly erroneous. *United States v. Looney*, 532 F.3d 392, 395 (5th Cir. 2008). Triplett has offered nothing in that respect. Because there were no intentionally or recklessly false statements by law enforcement, we "consider the entire affidavit – without any excision – under the good-faith exception to the exclusionary rule." *Id.* at 394.

## I.     *Particularity*

The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Some interpretation is unavoidable. Officers are "not obliged to interpret [the warrant] narrowly." *United States v. Hill*, 19 F.3d 984, 987 (5th Cir. 1994). Reasonable specificity is required, not "elaborate detail." *Id.*

Triplett's challenge is that the terms "electronic devices," and "electronic memory devices" in the warrant were too open-ended to limit officers' discretion to only those objects lawfully seized. *See Williams v. Kaufman Cnty.*, 352 F.3d 994, 1005 (5th Cir. 2003). To avoid fatal generality, the place and items to be seized must "be described with sufficient particularity so as to leave nothing to the discretion of the officer executing the warrant." *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010) (quotation marks and citation omitted).

Triplett lists some of the wide variety of devices with electronic memories. He argues that the warrant description was overbroad. We find limiting guidance for the officers in the warrant. It stated that the objects were relevant "to locate Kaila Morris," informing the officers that the proper electronic memory devices were those on which information on her location could be preserved. The arguably vague terms were among a list of other items to be seized described in greater detail. The warrant called for the seizure of "all articles of clothing of Kaila Morris, bed sheets, electronic devices, electronic memory devices, cell phone, DNA, hand digging and cutting tools, vehicles, and utility vehicles." *See*

2 LaFave, *Search and Seizure* § 4.6(d), at 628 (4th ed. 2004) (noting that a general reference "at the end of a list of specific items may be upheld on the theory that the language of a warrant is to be construed in light of an illustrative list of seizable items" (quotation marks and citation omitted)).  The list was of evidence likely in Triplett's possession and relevant to his interactions with Kaila Morris, who had just been reported missing.  *See United States v. Hibbard*, 963 F.2d 1100, 1102 (8th Cir. 1992) (finding enough particularity when warrant "limited the search to locating Shelly Ramsey or any evidence relating to her").

The law permits an affidavit incorporated by reference to amplify particularity, notwithstanding that, by its terms, the Fourth Amendment "requires particularity in the warrant, not in the supporting documents."  *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004); *United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011).  When viewed alongside the affidavit, the warrant's list of items to be seized is reasonably focused.  The underlying facts discuss how Triplett changed "bed sheets"; the words hard drive and computer connect with the warrant's reference to "electronic memory device"; "cell phone" is reasonably related to knowledge about Kaila's last use of her phone; "digging tools" pertains to Triplett's travel to Alabama with an ax and shovel; and "utility vehicles" aligns with knowledge that Triplett reported using a four-wheel vehicle in Alabama.  Based on this nexus between the facts and circumstances and the items to be seized, we conclude that a reasonably well-trained officer could have concluded that the warrant satisfied Fourth Amendment particularity.  *See Payne*, 341 F.3d at 400.

As noted, this case involved three warrants.  Triplett also argues that the forensic investigator's search of the computer was too comprehensive before a second warrant for the Pavilion computer was obtained.  Fourth Amendment reasonableness is the bedrock principle that guides computer as well as physical searches.  *United States v. Richards*, 659 F.3d 527, 538 (6th Cir. 2011).  We agree

No. 11-60277

with our sister circuits to have addressed the issue that "a computer search may be as extensive as reasonably required to locate the items described in the warrant based on probable cause." *Id.* (quotation marks and citation omitted). Here, the object of the first warrant was to locate evidence concerning Morris's disappearance. The forensic investigator followed a reasonable protocol toward that end; first a mirror image of the hard drive was made so original files would not be disturbed. He then testified to starting with documents and other text files, before proceeding on to images.

During a systematic review of the images, he discovered suspected child pornography. The investigation changed. As the investigator explained at the suppression hearing:

> I immediately shut the case down. I flagged the images that I'd already seen to show to investigators. I shut the case down; I picked up the phone; and I called the sheriff's department and advised them per our policies and procedures, they are to get another search warrant before I continued.

Although officers should limit exposure to innocent files, for a computer search, "in the end, there may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders." *Id.* at 539 (quotation marks and citation omitted). Without expressing a view on the need for the second warrant, that protocol illustrates a desirable form of minimization. *Compare Richards*, 659 F.3d at 539 n.10, *with United States v. Payton*, 573 F.3d 859, 862-63 (9th Cir. 2009). Nothing about this process violated the Fourth Amendment in a way requiring suppression. *See Richards*, 659 F.3d at 539-40.

## II.    *Probable Cause*

As an alternative argument, Triplett claims the officers could not in good faith believe there was probable cause for a warrant to issue. The hurdle for

obtaining suppression on that basis is "a high one." *Messerschmidt*, 132 S. Ct. at 1245. Officers are not ordinarily expected to question a magistrate's judgment as to probable cause. This is so because magistrates are considered more qualified than law enforcement in making that assessment. *Id.*

Courts will not suppress evidence even when the affidavit fails to establish probable cause, unless "'it is obvious that no reasonably competent officer would have concluded that the warrant should issue.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). This will occur when a magistrate has not only acted mistakenly in authorizing the warrant, but has fallen outside "'the range of professional competence.'" *Id.*

Probable cause is a practical assessment that all the circumstances generate a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Thomas*, 627 F.3d 146, 159 (5th Cir. 2010) (quotation marks and citation omitted). Triplett was the last person to see Morris. His alleged trip to inspect property in Alabama with an ax and shovel raised suspicion as to his guilt. An officer might have also assigned weight to Triplett's past possession of bondage pornography.[4] The wife's statement that he had recently changed a computer hard drive raised other bases justifying a search. Viewed from the perspective of law enforcement, we hold that these and other stated facts could have reasonably been seen as sufficient.

We note one difficulty. In its order denying suppression, the district court concluded that Investigator Rickert's suppression testimony that "Morris had used at least one computer in the Morris-Triplett home on the night before her disappearance" created the nexus for probable cause between the Pavilion computer that was searched and the case being investigated. Though proffered

---

[4] As the issuing authority was a state judge in Mississippi, the federal "four corners rule" requiring that either the affidavit or recorded oral testimony alone establish probable cause does not apply. *United States v. Chew*, 1 F.3d 1238, at *2 (5th Cir. 1993); 5TH CIR. R. 47.5.3 (unpublished opinions before January 1, 1996 are precedent).

at the suppression hearing on the child pornography charge, this information was not included in Rickert's affidavit, nor was the state magistrate orally advised of it. Therefore, Triplett is correct that this particular piece of evidence is irrelevant to probable cause. *See Aguirre*, 664 F.3d at 613. For the reasons already set forth, though, the warrant was not "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Messerschmidt*, 132 S. Ct. at 1245 (quoting *Leon*, 468 U.S. at 923).

Because of these conclusions, we need not reach whether the inevitable discovery exception the Government offers as an alternative reason not to exclude the evidence would also apply.

AFFIRMED.