# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE VICTOR HERNANDEZ-CUELLAR,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-111-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A jury convicted Jose Victor Hernandez-Cuellar of the sexual exploitation of children, specifically, the production of child pornography, a violation of 18 U.S.C. § 2251(a) and (e). The district court sentenced him to 247 months in prison. On appeal, Hernandez-Cuellar challenges the denial of a pretrial motion to suppress evidence discovered and seized under an allegedly invalid search warrant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40022

The warrant was issued in 2015 by a federal magistrate judge in the Eastern District of Virginia.  It authorized the FBI to deploy a network investigative technique ("NIT") on a computer server that hosted a child pornography website known as "Playpen."  *See United States v. Ganzer*, 922 F.3d 579, 581–82 (5th Cir. 2019) (explaining the background of the investigation).  Through the use of the NIT warrant, law enforcement identified Hernandez-Cuellar as the user of the Playpen website from his home in Texas.  Pursuant to a second search warrant, obtained from the Eastern District of Texas, a search of Hernandez-Cuellar's home computer revealed the evidence that led to his conviction.

In his motion to suppress the evidence obtained through the NIT warrant, Hernandez-Cuellar argued that the warrant was unlawfully issued by the magistrate judge in Virginia in violation of Federal Rule of Criminal Procedure 41(b) and 28 U.S.C. § 636(a).  He argued that no good-faith exception to the exclusionary rule should apply because that warrant was facially invalid and void *ab initio*, and because the warrant lacked sufficient particularity to be relied upon in good faith by executing officers.  After a hearing, the district court denied the motion to suppress.  The district court concluded that the NIT warrant was technically unlawful under Rule 41 and Section 636, but that the evidence would not be suppressed because of the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984).

On appeal, Hernandez-Cuellar challenges the denial of the motion to suppress and repeats his arguments that the good-faith exception should not apply.  The good-faith exception provides that "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" typically should not be excluded.  *Leon*, 468 U.S. at 922.  The rationale behind the

exclusionary rule is "to deter police misconduct" not to punish judicial errors. *Id.* at 916. The rule "should not be applied to deter objectively reasonable law enforcement activity." *Id.* at 919 (punctuation omitted). "[T]o the extent that application of the exclusionary rule could provide some incremental deterrent, that possible benefit must be weighed against [its] substantial social costs." *Herring v. United States*, 555 U.S. 135, 141 (2009) (alterations in original).

The district court's ruling will be upheld "if there is any reasonable view of the evidence to support it." *Ganzer*, 922 F.3d at 583. In *Ganzer* we addressed this same NIT warrant. *Id.* at 580–90. We assumed without deciding that the federal magistrate judge in Virginia lacked authority to issue the warrant. *Id.* at 584. Nonetheless, we held that the good-faith exception precluded suppression of the evidence. *Id.* at 589–90. We do the same here.

Even if the NIT warrant were issued without proper authority, *Ganzer* dictates the rejection of Hernandez-Cuellar's contention that the good-faith exception cannot apply because the warrant was void *ab initio* and thus prejudicial to him. *See id.* at 583–84, 586–87. In *Ganzer*, though, we did not need to address whether, as Hernandez-Cuellar contends, the warrant was so facially deficient in failing to particularize the place to be searched or things to be seized that officers could not reasonably presume it to be valid. *Ganzer*, 922 F.3d at 588; *see Leon*, 468 U.S. at 923 (stating the particularity requirement). The test for sufficient particularity is whether the warrant would permit an executing officer reasonably to ascertain what was to be seized. *United States v. Beaumont*, 972 F.2d 553, 560 (5th Cir. 1992); *see United States v. Allen*, 625 F.3d 830, 834–35 (5th Cir. 2010). In assessing particularity, we consider the affidavits incorporated into the warrant by reference. *See United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012).

No. 18-40022

The district court correctly reasoned that the NIT warrant was sufficiently particular because it limited searches only to computers that activated Playpen by entering a username and password, and because the information to be seized under the warrant was limited to specific items that would constitute evidence of specific offenses related to child pornography. Hernandez-Cuellar cites no authority holding that the warrant lacked sufficient particularity. Rather, he relies on a case in which the Supreme Court invalidated an eavesdropping statute because it required no particularity as to the place to be searched, the things to be seized, or the specific crime that was suspected of being committed, as specifically required by the Fourth Amendment. *Berger v. New York*, 388 U.S. 41, 56 (1967). *Berger* is readily distinguishable because the NIT warrant identified and required all of those things.

Moreover, as we concluded in *Ganzer*, there is no "deterrence benefit to be derived from applying the exclusionary rule here, much less one that would outweigh the substantial cost that would result from applying the rule, *i.e.*, the inability to effectively prosecute potentially thousands of Playpen users." *Ganzer*, 922 F.3d at 590 (citing *Herring*, 555 U.S. at 141). As the district court noted, the place to be searched, that is, a computer containing child pornography, was exactly what the NIT warrant was intended to discover. If the Government had known where the defendant's computer was and that it contained child pornography, it would not have needed the NIT warrant. Thus, adopting Hernandez-Cuellar's proposed particularity requirement would risk negating the use of methods like the NIT to identify and prosecute users of hidden and illegal websites.

The good-faith exception to the exclusionary rule applies here. AFFIRMED.