# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

_____

No. 23-30148
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronnie K. Hongo, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-217-1

_____

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Following the denial of his motion to suppress, Ronnie K. Hongo, Jr., conditionally pleaded guilty to possessing methamphetamine with the intent to distribute and using and carrying a firearm in connection with a drug-trafficking offense. He was sentenced to 180 months' imprisonment and a five-year term of supervised release.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30148

On appeal, Hongo challenges the denial of the motion to suppress, urging that the district court erred in applying the good faith exception to the exclusionary rule. On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and conclusions of law de novo. *United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006). We view the evidence in the light most favorable to the prevailing party—here, the Government. *Id.* And we affirm the district court's denial of a suppression motion "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quoting *United States v. Register*, 931 F.2d 308, 312 (5th Cir. 1991)).

"We employ a two-step process when reviewing a district court's denial of a motion to suppress when a search warrant is involved." *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). First, we determine whether the good faith exception to the exclusionary rule applies. *Id.* "The good faith exception bars the application of the exclusionary rule to exclude evidence obtained pursuant to a warrant if law enforcement officers act under an objectively reasonable, good faith belief that the search warrant in question is valid—even if it, in fact, is not." *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017). If the good faith exception applies, we affirm the district court's denial of the motion to suppress. *Cherna*, 184 F.3d at 407. If it does not, we continue to the second step, where we "ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed." *Id.* (alteration in original) (quoting *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129 (5th Cir.), *cert. denied*, 552 U.S. 819 (1997)). The defendant bears the burden of establishing that the good faith exception does not apply. *See Jarman*, 847 F.3d at 264.

Hongo argues that the good faith exception to the exclusionary rule does not apply. He contends that the warrant failed to specify the items to be searched with the requisite particularity and thus was so facially deficient that

2

no objectively reasonable officer could rely on it. Hongo says that the accompanying affidavit did not cure the deficiency because, he says, it was not physically attached to the warrant at the time of the search and was not presented to the residents or the officers who performed the search.

Hondo's arguments are unavailing. Unlike *Groh v. Ramirez*, 540 U.S. 551, 557–58 (2004), on which Hongo relies, the search warrant here explicitly incorporated by reference the accompanying affidavit, which listed the items sought in the search. And "[i]n reviewing challenges to particularity[,] we read the warrant as a whole, including its accompanying affidavit and attachments." *United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011); *see also United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012) ("The law permits an affidavit incorporated by reference to amplify particularity . . . ."); *United States v. Beaumont*, 972 F.2d 553, 560 (5th Cir. 1992) (noting the same). Hongo's particularity argument thus fails.

Hongo's argument that the warrant was invalid because the officers did not give him or his girlfriend the supporting affidavit also fails. In *United States v. Grubbs*, 547 U.S. 90, 98–99 (2006), the Supreme Court held the Fourth Amendment does not require an executing officer to give the property owner a copy of the warrant or attachments before the search. In light of *Grubbs*, there is no "Fourth Amendment right to obtain warrant attachments." *Schanzle v. Haberman*, 831 F. App'x 103, 106 (5th Cir. 2020).

Finally, Hongo's argument that the executing officers were not shown the affidavit and did not know what they were searching for is not supported by the record. At the suppression hearing, Lieutenant Branam, the officer who prepared the affidavit and warrant, testified that he brought the warrant and a copy of the affidavit to the scene when he executed the warrant. He also testified that he was aware of the items that were listed in the affidavit and could be seized. Likewise, Sergeant Steinke, one of the deputies involved in

No. 23-30148

the warrant's execution, testified that the officers discussed the warrant during a pre-execution briefing and knew they were looking for methamphetamine. That Sgt. Steinke could not recall whether the affidavit was specifically discussed does not demonstrate that the officers were unaware of the objects of their search. Thus, Hongo's argument as to the officers also fails.

Where, as here, probable cause existed, "the affidavit provided specific information of the objects of the search, [an] executing officer was the affiant, the additional officers making the search knew what was to be searched for," and the warrant referenced the affidavit, "the officer[s'] good faith reliance upon the warrant was objectively reasonable." *Beaumont*, 972 F.2d at 562. Hongo has not shown that the good faith exception does not apply. *See Jarman*, 847 F.3d at 264. Accordingly, the district court's denial of his motion to suppress is AFFIRMED.