# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-51061
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KRISTOPHER DEAN PUTNAM,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CR-115-1

_____

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Kristopher Dean Putnam was charged with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2). Evidence leading to his indictment was seized during the execution of a search warrant that authorized officers to

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-51061

search his cellphone for evidence related to the offense of capital murder. Putnam moved to suppress the evidence discovered during the execution of the search warrant. The district court denied his suppression motion, and he pleaded guilty plea to both counts, reserving his right to appeal the suppression ruling. On appeal, Putnam contends that the search warrant (1) lacked indicia of probable cause that a crime was committed, (2) failed to connect his cellphone to criminal activity, and (3) was overbroad and lacked the requisite particularity because it authorized officers to search the entire contents of his cellphone. Because the good-faith exception to the exclusionary rule applies, we affirm.

On April 26, 2020, Travis County, Texas dispatchers were notified that a trailer was on fire in the city of Austin, Texas. Following firefighters' efforts to extinguish the fire, a woman's body—later determined to be Dana Crocker-Norman—was found in the wreckage of the trailer. Crocker-Norman's boyfriend, Billy Wayne Hope, III, was informed of the fire and arrived on the scene. Hope reported that he had been at the trailer earlier in the day and that, when he left, Putnam was asleep under a tree adjacent to the trailer. During their investigation into Crocker-Norman's death, officers determined that Putnam had provided false information about his whereabouts on the day of the fire and concluded that his cellphone might contain evidence that could aid in establishing his location around the time of the blaze. In the affidavit supporting the search warrant, affiant Detective Nathan Matteson outlined (1) Putnam's inconsistent statements regarding his whereabouts, which Putnam himself later admitted were false, (2) the statements and corroborating evidence provided by another witness who was with Putnam that day and contradicted Putnam's version of events, and (3) a Fire Marshal's evaluation of Putnam's statements about the fire. The affidavit laid out the scope of the requested search, including global position system location data, text messages, photographs, and videos stored on

No. 22-51061

Putnam's phone. It also included the procedures to be used for handling the data stored on the phone. A state judge in Travis County subsequently issued the search warrant.

In an appeal from the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual determinations for clear error, viewing the evidence in the light most favorable to the prevailing party. *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017). A factual finding is clearly erroneous if the reviewing court has "a definite and firm conviction that a mistake has been committed." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010).

If the good-faith exception to the exclusionary rule applies, we may affirm without further inquiry. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). However, the good-faith exception does not apply if, *inter alia*, (1) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" or (2) the warrant is so facially deficient in failing to particularize the place to be searched or things to be seized that the executing officers cannot reasonably presume it to be valid. *United States v. Leon*, 468 U.S. 897, 923 (1984) (internal quotation marks and citation omitted). "[T]he determination of the reasonableness of a law enforcement officer's reliance upon a warrant issued by a magistrate for purposes of determining the applicability of the good-faith exception to the exclusionary rule" is a question of law that we review de novo. *Jarman*, 847 F.3d at 264 (internal quotation marks, ellipsis, and citation omitted).

Contrary to Putnam's assertions, the affidavit contained more than wholly conclusional statements. Instead, it provided specific facts and circumstances that allowed the issuing judge to make a probable-cause determination regarding the search of the cellphone. *See United States v. Morton*, 46 F.4th 331, 336-38 (5th Cir. 2022). The totality of the

circumstances confirm that the affidavit is not bare bones. *See id.* at 337. For example, it set forth facts indicating that Putnam had provided false information about his whereabouts shortly after the fire, and it included a Fire Marshal's evaluation of Putnam's statements that contradicted his version of events. Additionally, Putnam has not shown that the search warrant was impermissibly overbroad and has therefore failed to show that the warrant was so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers could not reasonably presume it to be valid. *See United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012); *see also Leon*, 468 U.S. at 923.

Because the executing officer's reliance on the warrant was objectively reasonable and made in good faith, we uphold the district court's rejection of Putnam's challenge to the good-faith exception. *See Morton*, 46 F.4th at 338; *see also Ornelas v. United States*, 517 U.S. 690, 700 (1996).

AFFIRMED.