# United States Court of Appeals for the Fifth Circuit

---

No. 24-60566
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE WESLEY WASHINGTON, JR.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CR-44-1

---

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

George Wesley Washington, Jr., was convicted of conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). He asserts the trial court erred by denying his motion to suppress evidence found in his cellular phone, pursuant to a search warrant, because: the trial court erred by relying on the

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

good-faith exception; and the officers did not have probable cause to search the phone.

When reviewing the denial of a motion to suppress regarding a search warrant, our court first decides whether the good-faith exception to the exclusionary rule applies; if it does, denial of the motion is appropriate without further inquiry. *E.g.*, *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). The reasonableness of an officer's reliance on a search warrant for the purposes of the good-faith exception is a legal question subject to *de novo* review. *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017). For the following reasons, the exception applies.

Washington claims the exception does not apply because the search warrant for his cellular phone: was issued based on information the affiant (the Officer) knew was false; lacked an indicia of probable cause; and was facially insufficient. Because, as noted, these claims fail, discussion of his probable-cause basis is not reached.

Washington first contends the Officer misled the court. He grounds his contention in the difference between the Officer's suppression-hearing and trial testimony about the capabilities of a Snapchat application and the affidavit. "Suppression [is] an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *United States v. Leon*, 468 U.S. 897, 923 (1984). Washington fails to show evidence supporting concluding the affiant made deliberate or reckless misrepresentations.

Next, Washington contends a sufficient nexus did not exist between his cellular phone and the offense being investigated; a tracking number on the package containing methamphetamine; and his Snapchat conversations. Facts in an affidavit must establish a sufficient nexus between "the items to

be seized and the criminal activity being investigated". *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006). The affidavit states Washington used the cellular phone to communicate on Snapchat with his cousin, who asked him to pick up the package containing methamphetamine. Further, that Washington implied he used the cellular phone to check the package-tracking information. The circumstances permit a reasonable inference he used his cellular phone to check the tracking number of the package containing methamphetamine and discuss the package with his cousin. *See United States v. Payne*, 341 F.3d 393, 400 (5th Cir. 2003) ("The nexus may be established through direct observation or through 'normal inferences as to where the articles sought would be located.'").

Finally, Washington contends the warrant was facially insufficient because it did not adequately particularize the place to be searched. He maintains the warrant: failed to identify the location of his cellular phone; amounted to an unconstitutional general warrant; and did not provide a date or time for execution. Concerning the Fourth Amendment's particularity requirement, "[r]easonable specificity is required, not elaborate detail". *United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012)(citation omitted).

His first assertion fails because the warrant stated the location of his cellular phone in its caption. Although the warrant authorized a search of his entire internet history, his second assertion fails because an internet search "may be as extensive as reasonably required to locate the items described in the warrant based on probable cause". *Triplett*, 684 F.3d at 505 (citation omitted). Furthermore, despite the incorporated attachments' failing to limit the scope of the search to drug trafficking, when read together they are reasonably related to his drug-trafficking activities. *See id.*

Washington failed to preserve his third-particularity contention. Accordingly, plain-error review applies. *E.g.*, *United States v. Broussard*, 669

F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id* (citation omitted).

Washington's second particularity assertion fails plain-error review. Although the warrant did not specify the 14-day deadline as required by Federal Rule of Criminal Procedure 41(e)(2)(A)(i)—and the cellular phone's data was extracted after the deadline—he does not show any precedent holding the deadline applies to extraction of data. Accordingly, there is no clear or obvious error. *E.g.*, *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) (holding "[a]n error is considered plain, or obvious, only if the error is clear under existing law").

AFFIRMED.